In the Matter of IRVING KORNBLUM et al., Petitioners, v. FREDERICK S. BERMAN, as Administrator of the City Rent and Rehabilitation Administration, Respondent.

Supreme Court, Special Term, New York County, July 13, 1966.

*Irving Kornblum* for petitioners. *Maurice A. Reichman* and *Arthur Kass* for respondent.

VINCENT A. LUPIANO, J. This is an article 78 CPLR proceeding to review a determination by the New York City Rent and Rehabilitation Administrator. The landlord herein applied to the Rent Commission for an order evicting a tenant in the

subject premises on the ground that he desired the apartment for himself and his family which was denied.

The Rent Administrator determined that the landlord lacked good faith and did not show any compelling necessity warranting eviction pursuant to subdivision a of section 55 of the Rent, Eviction and Rehabilitation Regulations of the City Rent and Rehabilitation Administration, which reads as follows:

" Section 55. Occupancy by landlord or immediate family.

" a. A certificate shall be issued where the landlord seeks in good faith to recover possession of a housing accommodation because of immediate and compelling necessity for his own personal use and occupancy, or for the use and occupancy of his immediate family; provided, however, that (1) where the housing accommodation is located in a building containing twelve or less housing accommodations and the landlord does not reside in the building, or (2) is a housing accommodation located in a structure or premises owned by a cooperative corporation or association which is allocated to an individual proprietary lessee and the landlord does not reside in the building * * * an immediate and compelling necessity need not be established. As used in this paragraph, the term ' immediate family ' includes only a son, daughter, stepson, stepdaughter, father, mother, father-in-law, or mother-in-law."

Landlord urges that he has satisfied the requirement of good faith and thereby making unnecessary the establishment of immediate and compelling necessity. The examiner for the District Rent Director made the following findings: " After careful consideration of the evidence contained herein, this Examiner recommends that the instant application be denied. The landlord has failed to meet the requirements of Section 55 of the Regulations in that he has failed to establish an immediate and compelling necessity."

The proof and findings indicate the building in question contains less than 12 units; that the landlord did not reside in the building at the time of the application; that the landlord seeks in good faith to recover possession for his own personal use and occupancy the housing accommodations in question.

The Administrator's interpretation of the statute and regulations in requiring proof of immediate and compelling necessity when administering subdivision a of section 55 of the Rent Regulations appears to be arbitrary and capricious in the instant proceeding. An interpretation which holds that the existence of other vacant apartments or the fact that the landlord seeks to occupy for his own use accommodations that formerly constituted more than one apartment in the building imposes upon the

landlord the requirement of establishing immediate and compelling necessity in addition to good faith is to ascribe a different and unreasonable meaning to the statute and Rent Regulations. The Legislature (L. 1961, ch. 337) in June, 1961, by amendment to the Rent and Eviction Regulations, evinced legislative intent and changed the existing section 55 by eliminating the necessity of establishing immediate and compelling necessity in factual situations present in the instant proceeding.

Respondent cites numerous cases as being virtually identical factually to the instant case, where the court held that the petitioner failed to establish a compelling necessity for the eviction of the tenant. An examination of the cases relied upon by the respondent reveals that some evidence had been adduced to show a lack of good faith. In the instant proceeding there is complete unanimity by all concerned — the landlord, the tenant and the Hearing Examiner's findings — that the landlord seeks the accommodations in question for his own personal use and occupancy. The leading case on the subject, *Matter of Rosenbluth* v. *Finkelstein* (300 N. Y. 402, 405) held that all that was needed by the landlord to establish his good faith is his " honest intention and desire to gain possession of the premises for his own use ". Landlord satisfies this requirement.

The facts of the case at bar and the established law governing same, indicate the Rent Administrator's refusal to grant the certificate of eviction prayed for by the landlord was arbitrary, capricious, improper, unreasonable, and unsupported by any evidence and should be set aside. Accordingly the application is granted and the Administrator is directed to grant a certificate of eviction as applied for.